IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT D. HANSON,

      Plaintiff,                    No. CIV S-10-1494 KJM P

      vs.

SHERIFF GARY R. STANTON, et al.,

      Defendants.             ORDER

          Plaintiff is a former county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the magistrate judge's jurisdiction.

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          The court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1),(2).  In addition, the court must screen complaints filed by people who seek to proceed in forma pauperis.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that the Solano County Jail failed to provide dental floss to indigent inmates and that floss was not available for purchase in the commissary.  He contends that this is a "gross injustice" and a failure to provide basic dental care at its simplest level in violation of the Eighth Amendment.  He names the Solano County Sheriff as the only defendant.

/////

The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates from "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Although pretrial detainees are protected by the due process clause of the Fourteenth Amendment, courts incorporate Eighth Amendment principles in evaluating detainees' claims of medical deprivations. Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010). In this context, however, Eighth Amendment standards establish a minimum standard of care for pretrial detainees. Id.

In Board v. Farnham, 394 F.3d 469 (7th Cir. 2005), the Court of Appeals examined a claimed denial of toothpaste in the context of the Eighth Amendment and Fourteenth Amendments, as they apply both to current and future health problems. The court recognized that a claim that a deprivation of toothpaste resulted in dental problems should be analyzed "under the rubric of an inmate's right to receive adequate medical treatment." Id. at 479. It also found that a claim of a denial of toothpaste as a hygienic supply should be analyzed in the context of an inmate's right to receive necessary items as preventative of future medical or physical harm. Id. at 482. Other courts have found, however, that a denial of dental floss to pretrial detainees did not present a constitutional question because it did not constitute an "extreme deprivation" of basic sanitation. Reed v. Dallas County Sheriff's Department, 2004 WL 2187104 at 4 (N.D. Tex. 2004); Burke v. Webb, 2007 WL 419565 at 2 (W.D. Va. 2007).

Whatever the contours of plaintiff's Fourteenth Amendment right in this context, he has not pleaded a constitutional claim. There is no suggestion in the complaint that plaintiff's dental health suffered as a result of the deprivation nor does plaintiff allege that he was otherwise deprived of any way to practice oral hygiene. Without more, the court cannot determine whether the denial of dental floss produced an on-going problem or was strictly a preventative measure plaintiff sought to pursue.

Moreover, plaintiff has named as the only defendant the Solano County Sheriff. In Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694 (1978), the Supreme

1 Court held a municipality was not liable under the civil rights act simply because the agency or
2 municipality employed a person who violated a plaintiff's constitutional rights. The basis for
3 any such claim must be a showing of a governmental policy or custom that was "the moving
4 force" behind the constitutional violation. City of Oklahoma City v. Tuttle, 471 U.S. 808, 820
5 (1985). The Ninth Circuit has distilled these pleading requirements for a § 1983 action against a
6 municipality: the plaintiff must show he was deprived of a constitutional right, the municipality
7 has a policy, the policy amounts to deliberate indifference to plaintiff's constitutional rights and
8 the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d
9 1470, 1474 (9th Cir. 1992). The same requirements apply to a suit against a municipal employee
10 in his official capacity, because a judgment in such a case imposes liability on the municipality.
11 Brandon v. Holt, 469 U.S. 464, 472 (1985). In this case, plaintiff has not alleged that the
12 deprivation was the result of a policy that the defendant sheriff devised or enforced.

13      Accordingly, the court finds the allegations in plaintiff's complaint too vague and
14 conclusory to determine whether the current action is frivolous or fails to state a claim for relief.
15 The court has determined that the complaint does not contain a short and plain statement as
16 required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible
17 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
18 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
19 must allege with at least some degree of particularity overt acts which defendants engaged in that
20 support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of
21 Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The court will,
22 however, grant leave to file an amended complaint.

23      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
25 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
26 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

1  there is some affirmative link or connection between a defendant's actions and the claimed

2  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

3  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

4  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of

5  Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

6          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

7  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8  complaint be complete in itself without reference to any prior pleading.  This is because, as a

9  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

10  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's request for leave to proceed in forma pauperis (docket no. 2)  is

15  granted.

16          2.  Plaintiff's complaint is dismissed.

17          3.  Plaintiff is granted thirty days from the date of service of this order to file an

18  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

19  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

20  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

21  an original and two copies of the amended complaint; failure to file an amended complaint in

22  accordance with this order will result in a recommendation that this action be dismissed.

23  DATED:  July 28, 2010.

24

25  hans1494.14                                                    U.S. MAGISTRATE JUDGE

26